Case 1:14-cv-01305-BNB   Document 1   Filed 05/08/14   USDC Colorado   Page 1 of 6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

TRAVIS E. WRIGHT
and
JANICE L. WRIGHT

          **Plaintiffs,**

**v.**

BANK OF AMERICA, N.A.

          **Defendant.**

_____

**COMPLAINT AND JURY DEMAND**
_____

COME NOW Plaintiffs, Travis E. Wright and Janice L. Wright, by and through counsel, Matthew A. Crowther of JORGENSEN, BROWNELL & PEPIN, P.C., and for causes of action against Defendant, Bank of America, N.A. ("BofA"), allege as follows:

## **PARTIES**

1. Plaintiffs are individuals residing in the State of Colorado.

2. Defendant is a Delaware corporation in good standing doing business in the State of Colorado.

## JURISDICTION AND VENUE

3. Plaintiffs invoke this Court's Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Pendent Jurisdiction.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

5. On or about January 8, 2007, Travis Wright; his father, Terry V. Wright; and BofA entered into a home loan financing arrangement whereby Messrs. Wright executed a mortgage and deed of trust granting BofA a security interest in certain real estate owned by Travis Wright and located at 226 6th Street, Mead, CO 80542.

6. On or about May 15, 2008, Terry Wright died.

7. On or about August 28, 2012, Travis Wright and BofA entered into a loan modification agreement that amended those parties' original financing arrangement and replaced Terry Wright with Travis Wright's mother, Janice Wright, as co-signor (*see Exhibit "1" attached*).

8. Pursuant to the terms of the parties' amended agreement, Travis Wright's monthly payments were reduced by about $174.01 from $1,570.33 to $1,396.32.

9. Travis Wright made timely monthly payments in the amount of $1,396.32 to BofA from the time those parties' financing arrangement was amended until about February 19, 2014, when he received notice that his mortgage had been sold to Christiana Trust.

10. Despite such timely payments, BofA has reported past due balances and delinquent payments on Plaintiffs' account to the three major credit bureaus since August 28, 2012.

11. BofA's incorrect reporting has caused and continues to cause severe harm to Plaintiffs' credit ratings.

12. On or about March 11, 2014, Plaintiffs initiated disputes with the three major credit bureaus expressing their concerns about BofA's reporting related to their account (*see Exhibit "2" attached).*

13. On or about March 12, 2014, Plaintiffs received correspondence from BofA indicating that the parties' August 28, 2012, loan modification agreement was void because the "permanent modification documents received for September 2012 were missing 'he,' 'she,' or 'they' in the notary section, as well as the year." (*see Exhibit "3" attached*)

14. On or about March 21, 2014, Plaintiffs received responses from TransUnion indicating that BofA was now reporting a zero balance on their account but that it was still reporting past due balances from August 2012 through February 2014 (*see Exhibit "4" attached).*

15. On or about March 24, 2014, Plaintiffs received similar correspondence from Experian (*see Exhibit "5" attached).*

16. On or about March 25, 2014, Plaintiffs received similar correspondence from Equifax (*see Exhibit "6" attached).*

17. BofA is acting in bad faith.

18. Based upon the false information circulated by BofA and BofA's refusal to withdraw miss-information after formal dispute, the three major Credit Reporting Agencies continue to publish untrue information.

19. The information provided by BofA continues to interfere with Plaintiffs' ability to acquire credit.

20. Considering the attempts made by Plaintiffs to correct, notify, and warn BofA that the information it was disseminating was incorrect and injurious; its refusal to make

appropriate corrections demonstrates willful noncompliance with the Fair Credit Reporting Act ("FCRA") and bad faith.

21. BofA has and continues to disseminate the untrue and disparaging information recklessly or with the intent of causing the Plaintiffs severe emotional distress.

22. BofA's conduct has and continues to cause Plaintiffs to suffer emotional distress.

## FIRST CLAIM FOR RELIEF
### FAILURE TO FURNISH ACCURATE CREDIT INFORMATION
(PURSUANT TO FCRA, 15 U.S.C. § 1681s-2(b))

23. Plaintiffs repeat and re-allege every averment pled in this Complaint as if such allegations were stated fully herein.

24. BofA has furnished information relating to a consumer to a consumer reporting agency knowing that the information is inaccurate.

25. Plaintiffs complied with the FCRA in first notifying the Credit Reporting Agencies in writing as to the disputed reports by BofA.

26. BofA has received notice of the dispute from all three Credit Reporting Agencies and has steadfastly refused to rectify its bad conduct.

27. This conduct violates the provisions of the FCRA, 15 U.S.C. § 1681s-2(b).

28. This conduct was intentional and entitles Plaintiff to damages under the FCRA, 15 U.S.C. § 1681n.

WHEREFORE, having stated sufficient facts upon which to base a cause of action under the FCRA, Plaintiffs pray for judgment to enter against Defendant for actual damages or statutory damages, punitive damages, reasonable attorney's fees and costs of this action and any other relief allowed pursuant to law.

## SECOND CLAIM FOR RELIEF
### BAD FAITH BREACH OF CONTRACT

29. Plaintiffs repeat and re-allege every averment pled in this Complaint as if such allegations were stated fully herein.

30. Plaintiffs and BofA entered into agreements whereby Plaintiffs agreed to make timely monthly payments on the Promissory Note, and implied within those agreements, BofA agreed to record those payments and make timely annual reports to Credit Reporting Agencies reflecting the Plaintiffs' financial track record pursuant to federal statutes.

31. Every contract entered into in the State of Colorado contains an implied duty of good faith and fair dealing between the parties.

32. Defendant has a duty not to harm Plaintiffs by using its unilateral control of credit reporting related to the contracts to damage Plaintiffs' credit scores and hinder their ability to obtain favorable lending terms.

33. Defendant's actions amount to a unilateral modification of the contract by interfering through unlawful means with Plaintiffs' bargained for lack of prepayment penalty (free payoff).

34. Although Plaintiffs were current on all debt obligations incurred under the Promissory Note beginning on or about August 28, 2012, BofA failed and continues to fail to report the Plaintiffs' timely payments to all three Major Credit Reporting Agencies.

35. Despite having itself executed the August 28, 2012, loan modification agreement, Defendant BofA continues in bad faith to refuse to report the Plaintiffs' timely payments on the Promissory Notes.

36. Defendant BofA's conduct amounts to a bad faith breach of contract in violation of the covenant of good faith and fair dealing, and has caused and continues to cause Plaintiffs (and probably many other similarly situated borrowers) to suffer economic loss, mental anguish and damage to their ability to borrow money at favorable interest rates.

WHEREFORE, having stated sufficient facts upon which to base a cause of action, Plaintiffs pray for judgment against Defendant BofA for Plaintiffs' actual damages, including loss of business opportunity, physical and psychological pain and suffering, chagrin, humiliation, embarrassment, anger and grief, that Plaintiffs also be entitled to punitive damages, and that Plaintiffs be awarded such other and further relief as this Court deems just and proper under the circumstances of this action.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all issues.

RESPECTFULLY submitted May 7, 2014.

JORGENSEN, BROWNELL & PEPIN, P.C.

*/s/ Matthew A. Crowther*
Matthew A. Crowther, #39146
Attorney for Plaintiffs

Plaintiff may be contacted through counsel:
Matthew A. Crowther, #39146
JORGENSEN, BROWNELL & PEPIN, P.C.
900 South Main Street, Suite 100
Longmont, CO  80501
Phone:  (303) 678-0560
Fax:  (303) 678-1164
mcrowther@counselcolorado.com